IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY PERRY<br>        Plaintiff<br><br>v.<br><br>FRONTIER PHARMACY, INC and<br>THOMAS TOALE<br>        Defendants | No.  137-2005 Erie |

## MOTION FOR DISMISSAL PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 12 (b)(6) and 12 (e)

Defendants, Frontier Pharmacy, Inc. and Thomas Toale, by counsel, Marshall Dennehey Warner Coleman & Goggin, seek dismissal of certain of plaintiff's claims pursuant to F.R.C.P. 12 (b)(6) and 12 (e), and in support thereof state the following:

1. On or about May 6, 2005, Plaintiff, Wendy Perry filed a Complaint at the above term and number alleging liability against Frontier Pharmacy, Inc. and Thomas Toale under claims of sexual discrimination/harassment and assault pursuant to Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, and Common Law.

2. Toale is alleged to have been the "President and CEO of Frontier" as well as "its sole, or one of only a few, shareholders, officers or directors." (Complaint ¶5).

3. Toale is also alleged to have been Perry's supervisor. The Complaint also alleges that it is Frontier, a "for profit corporation" which is the employer in the within matter.

4. In the Complaint there are allegations Toale directed certain conduct at Plaintiff Perry and as well there is found at ¶27 a fairly broad ambiguous allegation that there were other unidentified employees to which inappropriate comments were made, and as well an allegation that "it is believed, and therefore averred, that Toale also engaged in similar conduct with one or

more female customers." Again, there is no identification to the alleged individuals involved, other than Toale.

5. Count VII alleges a common law claim of battery against Toale and alleges that during "times relevant to this matter," Toale engaged in various physical contact with the plaintiff.

6. Paragraph 13 of the Complaint alleges that from August 19, 2002, Toale "almost immediately began a course of sexually harassing conduct" and this paragraph refers to physical conduct as well.

### MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED

7. The claims against Toale whether brought under Title VII of the 1964 Civil Rights Act or Pennsylvania Human Relations Act should be dismissed be neither of these statutes provide for individual liability as is alleged and claimed in the within Complaint.

WHEREFORE, Defendants request this Honorable Court dismiss all Counts as to Toale which are brought under any statutory provision cited.

### MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12 (e)

8. There are allegations at ¶'s 27 and 28 with regard to other conduct on the part of Toale with regard to unnamed employees and customers. Defendants cannot reasonably frame a responsive pleading to allegations relating to essentially anonymous individuals, which allegations may or may not be relevant to the within cause of action.

9. With regard to the assault count, plaintiff alleges at ¶13 of her Complaint that from August 19, 2002, she was, in addition to being subject to other conduct, "physically grabbed" on several occasions.

10. In the event there were an allegation that some of this alleged conduct occurred at a time two years prior to the filing of the Complaint, the defendant might be able to raise and assert the statute of limitations defense. However, since the allegation of physical conduct is fairly ambiguous, defendant has no basis to determine whether in fact that defense might be available due to the alleged time of certain events.

WHEREFORE, Defendants respectfully requests a Motion for More Definite Statement as set forth in Rule 12 (e).

Respectfully submitted,

MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN

By_____
Thomas M. Lent
Attorneys for Defendants
1001 State Street, Suite 1400
Erie, PA 16501
(814) 461-7809

\16_A\LIAB\TML\LLPG\50422\CBP\12166\00101

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY PERRY<br>           Plaintiff<br><br>v.<br><br>FRONTIER PHARMACY, INC and<br>THOMAS TOALE<br>           Defendants | No.  137-2005 Erie |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within document was duly served on all counsel of record and unrepresented parties on the ____ day of July, 2005, by mailing same to them at their designated offices by first class United States mail, postage prepaid, or by personal service at their respective offices.

Arthur D. Martinucci, Esquire
Quinn Buseck Leemhuis Toohey & Kroto, Inc.
2222 West Grandview Boulevard
Erie, PA  16506-4508

MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN

By _____
Thomas M. Lent, Esquire
Attorneys for Defendants