IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY PERRY<br>        Plaintiff<br><br>v.<br><br>FRONTIER PHARMACY, INC and<br>THOMAS TOALE<br>        Defendants | No.  137-2005 Erie |

### BRIEF IN SUPPORT OF MOTION FOR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 (b)(6) and 12 (e)

Defendants, Frontier Pharmacy, Inc. and Thomas Toale, by counsel, Marshall Dennehey Warner Coleman & Goggin, seek dismissal of certain of plaintiff's claims pursuant to F.R.C.P. 12 (b)(6) and 12 (e), and in support thereof state the following:

**Facts:**

On or about May 6, 2005, Plaintiff, Wendy Perry filed a Complaint at the above term and number alleging liability against Frontier Pharmacy, Inc. and Thomas Toale under claims of sexual discrimination/harassment and assault pursuant to Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, and Common Law.

Toale is alleged to have been the "President and CEO of Frontier" as well as "its sole, or one of only a few, shareholders, officers or directors." (Complaint ¶5).

Toale is also alleged to have been Perry's supervisor. The Complaint also alleges that it is Frontier, a "for profit corporation" which is the employer in the within matter.

In the Complaint there are allegations Toale directed certain conduct at Plaintiff Perry and as well there is found at ¶27 a fairly broad ambiguous allegation that there were other unidentified employees to which inappropriate comments were made, and as well an allegation that "it is believed, and therefore averred, that Toale also engaged in similar conduct with one or

more female customers." Again, there is no identification to the alleged individuals involved, other than Toale.

Count VII alleges a common law claim of battery against Toale and alleges that during "times relevant to this matter," Toale engaged in various physical contact with the plaintiff.

Paragraph 13 of the Complaint alleges that from August 19, 2002, Toale "almost immediately began a course of sexually harassing conduct" and this paragraph refers to physical conduct as well.

### MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED

**There can be no imposition of individual liability under Title VII or Pennsylvania Human Relations Act and as such the Complaint failed to state a cause of action upon which relief can be granted against Thomas Toale under all counts brought under either statute.**

The Complaint makes clear the individual alleged to be violating plaintiff's rights under Title VII and the PHRA is Thomas Toale. ¶39 states that the actions of Frontier "and Toale, as its agent and owner" are in violation of Title VII. Additionally, all counts either directly or indirectly allege liability against Toale and/or seek recovery directly against Toale. Counts I through VI are all directed at imposing liability against "Frontier and Toale, its agent and owner" and all based on the conduct of Toale.

Prior to alleging liability against Toale as the owner of Frontier Pharmacy in each of the specific counts, there is no allegation that Toale was the owner of Frontier Pharmacy, Inc. To the contrary, ¶5 indicates that Toale is the "President and CEO of Frontier" and also asserts he is "believed to be its sole, or one of only a few, shareholders, officers or directors." Thereafter, the Complaint does not allege that Toale was plaintiff's employer, but rather that it was Frontier that was the employer within the meaning of both Title VII and PHRA. (See Complaint at ¶8).

Thereafter, however Toale is alleged to be liable as an "agent and owner" of Frontier Pharmacy, Inc.

In Caplan v. Braverman, 882 F. Supp. 1529 (E.D. Pa. 1995), the Court for the Eastern District of Pennsylvania affirmed the principal that there "is no individual liability under Title VII." (882 F. Supp. @ 1532). In dismissing the Complaint against Braverman, the individual alleged perpetrator in the Caplan case, the Court stated that the claim had to be dismissed against the individual because "as a matter of law . . . an individual cannot be held personally liable under Title VII." (Id). The Court went into a fairly thorough discussion of the reasoning by which an individual is not liable under Title VII and indicated that certainly if an individual was open to personal liability this could have been specified in Title VII.

Relying upon the Caplan decision and other Pennsylvania law, the Court in Clarke v. Whitney, 907 F. Supp. 893 (E.D. Pa. 1995), held that there was no individual liability under Title VII or the ADA. Noting the agreement between the parties that the "PHRA should be interpreted to accord with Title VII and the ADA," (citing to Barb v. Miles, Inc., 861 F. Supp. 356, 359 (W.D. Pa. 1994), the Clarke Court held there could as well be no claim against an individual under the PHRA.

In reaching its decision, the Court for the Eastern District relied on the Western District's decision in Barb v. Miles, Inc., 861 F. Supp. 356, 359 (W.D. Pa. 1994). In Barb, the Court clearly addressed the issue of individual liability under Title VII and PHRA and pointed out that "supervisors and co-employees are not personally liable under Title VII" and that it is clear certain individuals are not covered by Title VII including "small businesses that employ less than 15 people." Insofar as the Complaint clearly alleges that it is Frontier that is the employer in this case, as a Pennsylvania Corporation, individual liability cannot attach to Thomas Toale.

It is therefore respectfully submitted the claims against Thomas Toale alleging liability under Title VII or the PHRA should be stricken as to Thomas Toale.

### MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12 (e)

**Plaintiff should be required to file a more definite statement identifying the unnamed/anonymous employees and/or customers alleged to be victims of sexual harassment or other conduct.**

Without admitting the allegations set forth in ¶'s 27 or 28 are in any way relevant to the within cause of action, it is defendant's position they are entitled to know the alleged identity of these individuals whose statements are purportedly quoted in ¶27. Additionally, the allegations set forth in ¶28 are sufficiently ambiguous that defendants really do not know how to respond in any intelligent manner. Certainly a simple denial and/or specific denial could be made, however, it is believed these rather inflammatory allegations containing purported quotations are reasonably vague or ambiguous such that a more definite statement should be filed with the Court.

**Plaintiff should also be required to file a more definite statement with regard to the alleged incidents referenced in the battery claim insofar as certain alleged incidents may be beyond the applicable statute of limitations.**

In order to reasonably frame a responsive pleading with regard to the assault claim, defendants believe that based on the allegations of the Complaint, a more definite statement is required with regard to the actions allegedly constituting the battery.

Paragraph 13 of the Complaint references that from the time Perry started working at Frontier Pharmacy (which is alleged to be August 19, 2002), Toale began a course of conduct and sets forth three specific subparagraphs alleging this conduct. Subparagraph (c) asserts physical contact and the claim of battery alleges a recovery for physical conduct. Insofar as the Complaint would seem to indicate certain conduct occurred more than two years from the filing

of the Complaint, if in fact there are incidents which would have occurred beyond this timeframe, defendant would have the ability to raise the statute of limitations as an affirmative defense.

Additionally, there are alleged acts of sexual harassment/discrimination/retaliation which as well occurred two years before the filing of this lawsuit and plaintiff should file a more definite statement setting forth the alleged dates of this conduct such that same can be appropriately evaluated in determining whether certain conduct is beyond the applicable statute of limitations for recovery.

WHEREFORE, Defendants respectfully request a more specific statement setting forth the specific dates of alleged sexual harassment/discrimination/retaliation and battery.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

By_____
Thomas M. Lent
Attorneys for Defendants
1001 State Street, Suite 1400
Erie, PA  16501
(814) 461-7809

\16_A\LIAB\TML\LLPG\50423\CBP\12166\00101

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WENDY PERRY
      Plaintiff

v.

FRONTIER PHARMACY, INC and
THOMAS TOALE
      Defendants

No.  137-2005 Erie

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within document was duly served on all counsel of record and unrepresented parties on the 8th day of July, 2005, by mailing same to them at their designated offices by first class United States mail, postage prepaid, or by personal service at their respective offices.

Arthur D. Martinucci, Esquire
Quinn Buseck Leemhuis Toohey & Kroto, Inc.
2222 West Grandview Boulevard
Erie, PA  16506-4508


MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN

By _____
Thomas M. Lent, Esquire
Attorneys for Defendants