IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY PERRY,<br>　　Plaintiff<br><br>　　　　v.<br><br>FRONTIER PHARMACY, INC. and<br>THOMAS TOALE,<br>　　Defendants | No:   137 - 2005 ERIE<br><br>**TRIAL BY JURY DEMANDED** |

### BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND 12(e)

AND NOW, comes the Plaintiff, Wendy Perry, by and through her attorneys, Quinn Buseck Leemhuis Toohey & Kroto, Inc., and files the within Brief in Opposition to Defendants' Motion for Dismissal, of which the following is a statement:

**I.    FACTS**

The Plaintiff, Wendy Perry ("Perry"), is a female and an adult individual and resident of the Commonwealth of Pennsylvania.  The Defendant, Thomas Toale ("Toale"), is a male and an adult individual and resident of the Commonwealth of Pennsylvania.  Toale is the president and CEO of Frontier, and believed to be its sole, or one of only a few, shareholders, officers or directors.  Toale was Perry's ultimate supervisor, and had full authority over her compensation, the terms and conditions of her employment, and the continuation of her employment.  The Defendant, Frontier Pharmacy, Inc. ("Frontier"), is a for-profit corporation believed to be duly organized and existing pursuant to the laws of the Commonwealth of Pennsylvania.

Frontier was Perry's "employer" within the meaning of both Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Pennsylvania Human Relations Act (the "PHRA"). Frontier employs 15 or more employees for 20 or more weeks per year. Perry has exhausted all administrative remedies and requirements necessary to pursue her claims brought by the complaint under both Title VII of the Civil Rights Act of 1964, as amended and the Pennsylvania Human Relations Act.

Counts I and IV of the Complaint assert causes of action against the Defendant *Frontier*, only, under Title VII. All other claims are brought under the PHRA or common law.

## II.     ARGUMENT

### A.     Standard

It has long been recognized that a Fed.R.Civ.P. 12(b)(6) motion is the appropriate method by which to challenge the legal sufficiency of a claim or pleading filed in the district courts. *See*: United States v. Marisol, Inc., 725 F.Supp. 833 (M.D.Pa.1989). In ruling upon a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3rd Cir.1990). In so reviewing the pleadings and any materials of record, the court must accept as true all of the matters pleaded and all reasonable inferences that can be drawn therefrom, construing them in the light most favorable to the non-moving party. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3rd Cir.1990); Hough/Loew Assoc., Inc., v. CLX Realty Co., 760 F.Supp. 1141, 1142 (E.D.Pa.1991); Ambrogi v.

Gould, Inc., 750 F.Supp. 1233, 1241 (M.D.Pa.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. 444 Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Ransom v. Marrazzo, 848 F.2d 398, 401 (3rd Cir.1988). *See generally*, Riddle v. National R.R. Passenger Corp., 831 F.Supp. 442, 443 -444 (E.D.Pa.,1993).

      **B.**    *Whether individual liability can be imposed under Title VII or the Pennsylvania Human Relations Act.*

The Defendant's attempts to equate the established rules for imposition of individual liability with respect to Title VII with those rules related to the Pennsylvania Human Relation Act ("PHRA"). The Plaintiff agrees that, in this Circuit, the case law with respect to individual liability under Title VII is set and not such liability exists. See Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077 -1078 (3rd Cir. 1996). It is for that specific reason that she has not sought to impose any liability on Toale under Title VII. However, the Defendant's attempt to lump the rules established for Title VII with those for the PHRA is in direct contradiction to the plain language of the PHRA as well as current case law. The Defendants offer no support for their position relative to the PHRA. It should also be noted that despite the assertions made in Defendant's motion, none of the counts or allegations in the Plaintiff's complaint assert individual liability against the Defendant Toale under Title VII.

In the case of Vuong v. J.C. Penney, 2005 WL 1353394 (E.D.Pa.,2005), the court stated:

> All of these Defendants must be dismissed, in their individual capacity, because neither Title VII, ADEA, nor the PHRA contain provisions for individual liability. See Sheridan v. E.I. Dupont De Nemours & Co., 100 F.3d 1061, 1078 (3d Cir.1996) (no individual liability under Title VII);

3

> Cohen v. Temple Physicians, Inc., 11 F.Supp.2d 733, 736-37 (E.D.Pa.1998) ("Title VII, the ADA, ADEA and PHRA are all to be interpreted consistently with one another such that individual employees are not to be held liable under these Acts **unless a supervisory employee can be shown to have aided and abetted the employer's discriminatory actions in violation of the PHRA.**"). (emphasis added)

Vuong, 2005 WL 1353394, *8. *See also* Devore v. City of Philadelphia 2005 WL 352698, *2 (E.D.Pa.) (E.D.Pa., 2005). This point is similarly addressed by the court in Cohen v. Temple Physicians, Inc., 11 F.Supp.2d 733 (E.D.Pa.,1998) when it opines:

> we are constrained by the Third Circuit's holdings in both *Sheridan* and *Dici* to dismiss Doctors Smith and Greenberg as individual defendants from this case. Again, Title VII, the ADA, ADEA and PHRA are all to be interpreted consistently with one another such that individual employees are not to be held liable under these Acts **unless a supervisory employee can be shown to have aided and abetted the employer's discriminatory actions in violation of the PHRA.** (emphasis added).

The Third Circuit cases on this point are clear – individual liability is possible under the PHRA. Dici v. Commonwealth of Pennsylvania, 91 F.3d 542, 552 (3d Cir.1996). It is, in fact, so clearly settled that the Defendants' Motion, offered without support or analysis, borders on the frivolous.   In the present case the Plaintiff has asserted that the Defendant Toale is individually liable under the PHRA.  Individual liability is allowed under the PHRA if a plaintiff asserts that the violator aided and abetted the employer's discriminatory actions.  The Plaintiff has averred in her complaint that the Defendants did, and Toale aided and abetted, by not instituting or enforcing any policy against sexual harassment, effectively created a hostile work environment by both establishing and condoning an atmosphere in which harassment could occur without recourse or redress, retaliated against an employee for complaining about harassment, and encouraged (overtly or covertly) others to "freeze out" an employee, specifically the Plaintiff, after she complained about his conduct..

4

The Defendants, in their instant motion, argue only that the PHRA does not allow for individual liability.  They do not challenge the sufficiency of the Plaintiff's allegations as to Toale.  Their blanket assertion is wrong, and their Motion should be denied.  The allegations set forth in the Complaint very clearly establish that Toale "aided" in the creation of a hostile work environment at Frontier, and Pennsylvania law allows for recovery under such circumstances.

Therefore, based on the case law which allows individuals to be liable under the PHRA and the actions taken by the Defendant's in this case the motion to dismiss filed by the Defendant's should be denied.

**C.   Whether the Plaintiff should be required to file a more definite statement pursuant to rule 12(e).**

Under Fed.R.Civ.P. 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  A complaint satisfies the Rule 8(a) pleading requirements if it gives notice and the grounds upon which a plaintiff's claim rests. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).  While a complaint generally need not allege every element of a plaintiff's claim, it must plead facts sufficient to provide the defendant with "fair notice of the transaction" and "set[ ] forth the material points necessary to sustain recovery." Menkowitz v. Pottsdown Mem'l Med. Ctr., 154 F.3d 113, 124 (3d Cir.1998).  Nix v. Welch & White, P.A., 55 Fed.Appx. 71, 72 (C.A.3 2003).

In the present case the Plaintiff has met the liberal burden of a notice pleading required by rule 8 of the Federal Rules of Civil Procedure.  The Plaintiff's complaint notifies the Defendant's of the actions complained of, the time frame in which the

actions took place and those persons and entities who committed the violations.

Accordingly, the Defendant's motion for more definite statement should be denied.

                                    Respectfully submitted,

                                    QUINN BUSECK LEEMHUIS TOOHEY
                                    & KROTO, INC.

                                  By:   /s/Arthur D. Martinucci
                                          Arthur D. Martinucci
                                          Pa. I.D. No. 63699
                                          2222 West Grandview Blvd.
                                          Erie, PA 16506
                                          814.833.2222
                                          Counsel for the Plaintiff,
                                          Wendy Perry

Document #258800, v1